(No. 5548. Decided July 27, 1905.)

THE STATE OF WASHINGTON, *Respondent,* v. A. B. COX, *Appellant.*[1]

CRIMINAL LAW—BURGLARY—INFORMATION—VARIANCE. It is not a material variance that an information charged the burglary of the residence of F "situated and numbered 1206, S avenue," and the proof showed that F occupied apartment No. 14 of a building the common entrance to which was number 1206, S avenue.

Appeal from a judgment of the superior court for King county, Tallman, J., entered June 10, 1904, upon a trial and conviction of the crime of burglary. Affirmed.

*William C. Keith,* for appellant.

*Kenneth Mackintosh* and *W. T. Scott,* for respondent.

ROOT, J.—Appellant was prosecuted jointly with one Reed for burglarizing "the dwelling house of Jacob Furth, situated, and numbered 1206, Summit avenue, in the city of Seattle." He was convicted, and from the judgment and sentence, he appeals to this court.

It is contended that there was a fatal variance between the

[1] Reported in 81 Pac. 848.

proof and the allegations of the information as to the premises entered, the evidence showing that Furth and family occupied apartment No. 14 of a building the common entrance to which was No. 1206, Summit avenue. If this constituted a variance, which we do not believe it did, it was an immaterial one which did not prejudice the rights of appellant.

Error is also predicated upon the admission of the testimoney of detective Wappenstein, as to a conversation had with defendant while the latter was under arrest. Appellant had an opportunity to show all of the circumstances surrounding the parties at the time of said conversation. Nothing was shown to render incompetent or immaterial the testimony as to what was said on that occasion. The giving of some of the instructions is assigned as error; but an examination of them fails to reveal anything prejudicial to appellant.

The judgment of the trial court is affirmed.

MOUNT, C. J., FULLERTON, HADLEY, RUDKIN, and CROW, JJ., concur.